IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-00388-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| ANTHONY EARL RIVERS | ) | |

This matter comes before the Court upon Defendant's pro se motion seeking copies of all evidence submitted to the grand jury. (DE-22). The government opposes Defendant's motion. (DE-24). Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned.

Although Defendant filed his motion pro se, the record shows that he is represented by counsel. Assistant Federal Public Defender Robert E. Waters entered notice of appearance on behalf of Defendant on January 16, 2013. (DE-11). That same day, Mr. Waters filed a request for discovery and for disclosure of all exculpatory evidence. (DE-12). There is no indication in the record that Mr. Waters has adopted or endorsed the instant motion.

Except for challenges to the effective assistance of counsel, courts do not ordinarily entertain motions filed by a criminal defendant who is represented by counsel, and whose counsel has not adopted or otherwise endorsed the pro se motion. *See, e.g.*, United States v. Gardner, No. 1:09CR63, 2010 U.S. Dist. LEXIS 24880, at *1-3 (W.D.N.C. Feb. 26, 2010); United States v. Boulware, No. 1:09CR5, 2009 U.S. Dist. LEXIS 38058, at *2-6 (N.D. W. Va. Apr. 8, 2009) (listing and discussing cases). Here, Defendant makes no complaint regarding the competency of his counsel. Mr. Waters has not indicated that he endorses Defendant's motion,

and sufficient time has elapsed for him to have done so. Defendant's pro se motion is therefore improper.

Further, the government has an acknowledged duty to disclose all information, including all promises of leniency, immunity, or other similar inducements which might arguably be used to impeach or discredit a government witness at trial. United States v. Giglio, 405 U.S. 150, 154-155 (1972); Chavis v. North Carolina, 637 F.2d 213 (4th Cir. 1980). Mr. Waters already filed a discovery motion on behalf of Defendant. In this respect, Defendant's motion is superfluous. To the extent Defendant requests early discovery of Jencks Act material, a criminal defendant is not entitled to such material until the government witness testifies at trial. *See* United States v. Lewis, 35 F.3d 148, 151 (4th Cir. 1994) (holding that pretrial discovery of Jencks Act material is improper).

Because Defendant is not entitled to hybrid representation, and because his motion seeks discovery of evidence to which he is not yet entitled, Defendant's pro se motion for all evidence submitted to the grand jury (DE-22) is DENIED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 25th day of March, 2013.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE